UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETE TULS,<br><br>      Plaintiff,<br><br>  v.<br><br>ALTERYX, INC., MARK ANDERSON, DEAN A. STOECKER, CHARLES R. CORY, JEFFREY L. HORING, ANJALI JOSHI, TIMOTHY I. MAUDLIN, CECE MORKEN, EILEEN M. SCHLOSS, and DAN WARMENHOVEN,<br><br>      Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Pete Tuls ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Alteryx, Inc. ("Alteryx" or the "Company") and Alteryx's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Clearlake Capital Group, L.P. and Insight Partners through an affiliated company, Azurite Intermediate Holdings, Inc. and its wholly-owned subsidiary Azurite Merger Sub, Inc. (collectively "Clearlake and Insight").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading preliminary proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on January 30, 2024. The Proxy

1

recommends that Alteryx stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Alteryx is acquired by Clearlake and Insight. The Proposed Transaction was first disclosed on December 18, 2023, when Alteryx and Clearlake and Insight announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Clearlake and Insight will acquire all of the outstanding shares of common stock of Alteryx for $48.25 per share (the "Merger Consideration"). The deal is valued at approximately $4.4 billion and is expected to close in the first half of 2024.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Alteryx management, as well as the financial analyses conducted by Qatalyst Partners LP ("Qatalyst Partners"), Alteryx's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing a definitive proxy statement ("Definitive Proxy") with the SEC or otherwise causing a Definitive Proxy to be disseminated to Alteryx's stockholders, unless and until the material information discussed below is included in the Definitive Proxy or otherwise disseminated to Alteryx's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Alteryx.

2

6. Defendant Alteryx is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 17200 Laguna Canyon Road, Irvine, California 92618. Alteryx common stock trades on NYSE under the ticker symbol "AYX."

7. Defendant Mark Anderson served as a a director of the Company from 2018 until January 26, 2024. Defendant Anderson served as Chief Executive Officer of the Company from 2020 until January 26, 2024.

8. Defendant Dean A. Stoecker co-founded Alteryx and served as Chief Executive Officer from 1997 until 2020. Defendant Stoecker has been a director of the Company since 1997 and has served as Executive Chairman since 2020.

9. Defendant Charles R. Cory has been a director of the Company since 2016.

10. Defendant Jeffrey L. Horing has been a director of the Company since 2014. Defendant Horing is a Managing Director at Insight Partners.

11. Defendant Anjali Joshi has been a director of the Company since 2021.

12. Defendant Timothy I. Maudlin has been a director of the Company since 2015.

13. Defendant CeCe Morken has been a director of the Company since 2021.

14. Defendant Eileen M. Schloss has been a director of the Company since 2017.

15. Defendant Dan Warmenhoven has been a director of the Company since 2021.

16. Nonparty Clearlake Capital Group, L.P. is a private equity firm headquartered in Santa Monica, California.

17. Nonparty Insight Partners is a venture capital and private equity firm that is headquartered in New York, New York.

18. Nonparty Azurite Intermediate Holdings, Inc. is an affiliate of Clearlake Capital

Group, L.P. and Insight Partners, and is a Delaware corporation.

19. Nonparty Azurite Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Azurite Intermediate Holdings, Inc.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

21. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

23. Alteryx offers a platform that automates data engineering, analytics, reporting, and other data science processes for organizations. Alteryx's platform is utilized by companies in over 90 countries, and its customers include Chevron Corporation, Delta Air Lines, Inc., JPMorgan Chase & Co., Netflix, Inc., and United Parcel Service, Inc. As of December 31, 2022, the Company had generated $855.3 million in revenue, an increase of almost 60% over revenues generated in 2021.

24. On December 18, 2023, the Company entered into the Merger Agreement with

Clearlake and Insight.

25. According to the press release issued on December 18, 2023 announcing the Proposed Transaction:

**Alteryx Enters into Definitive Agreement to Be Acquired by Clearlake Capital Group and Insight Partners for $4.4 Billion**

*Alteryx Stockholders to Receive $48.25 Per Share in Cash, Delivering Significant and Certain Cash Value*

*Transaction Represents a 59% Premium to Unaffected Share Price*

**IRVINE, Calif., Dec. 18, 2023 – Alteryx, Inc. (NYSE: AYX), the Analytics Cloud Platform company, today announced that it has entered into a definitive agreement to be acquired by Clearlake Capital Group, L.P. (together with certain of its affiliates, "Clearlake") and Insight Partners ("Insight"), two global private equity firms, in a transaction valued at $4.4 billion, including debt. Upon completion of the transaction, Alteryx will become a privately held company.**

Under the terms of the agreement, Alteryx stockholders will receive $48.25 per share in cash for each share of Alteryx Class A or Class B common stock that they own. The per share purchase price represents a 59% premium to Alteryx's unaffected closing stock price on September 5, 2023, the last full trading day prior to media reports regarding a possible sale transaction.

"We're pleased to announce our agreement with Clearlake and Insight. In addition to delivering significant and certain cash value to our stockholders, this transaction will provide increased working capital and industry expertise, and the flexibility as a private company. Together, we will make investments that matter most to our customers and accelerate our mission of harnessing the power of analytics to enable customers all over the world to transform data into a breakthrough," said Mark Anderson, CEO of Alteryx. "Over the past several years, we've executed a comprehensive transformation strategy to enhance our go-to-market capabilities and establish a strong cloud and AI innovation roadmap. We are excited to partner with Clearlake and Insight for the next stage of Alteryx's journey. Both Clearlake and Insight have great respect for our mission, people and technology, and they look forward to helping our company – and in turn our customers and partners – be even more successful. I would like to thank our talented employees, whose hard work and dedication have helped us reach this milestone and will continue to fuel our success."

"When we founded Alteryx in 1997, we did so with a vision for the future of data science and analytics. Today, Alteryx stands out as an industry leader with a differentiated platform that scales data democratization in a governed manner," said Dean Stoecker, Co-Founder and Executive Chairman of the Alteryx Board of Directors. "Our agreement with Clearlake and Insight validates the strength of our business and the value of Alteryx's capabilities and innovation."

"As organizations become increasingly data driven and focused on utilizing artificial intelligence (AI) technology, we see a tremendous growth opportunity for Alteryx's new AI products and feature-rich cloud solutions and to further its reputation as an innovator in the data preparation and data analytics markets. We believe Clearlake's sector expertise and O.P.S.® framework for supporting company growth, coupled with Alteryx's talented team and impactful mission, is a winning formula for enterprises looking to use data to improve and scale their businesses," said Behdad Eghbali, Co-Founder and Managing Partner, and Prashant Mehrotra, Partner, at Clearlake. "We have long appreciated the Company's best-in-class technology that enables users to transform data into insights, and we are thrilled to support Alteryx as it continues to push the industry forward with generative AI and machine learning SaaS technologies, as well as its growing portfolio of cloud-connected offerings."

"Insight first met Dean in 2006. After witnessing Alteryx's evolution into a data prep and analytics leader, our partnership began in 2014, coinciding with Alteryx's expansion into new verticals and the development of a top-tier product," said Deven Parekh and Ryan Hinkle, each a Managing Director at Insight Partners. "Alteryx's success stands as a testament to their visionary founder's exceptional ability in shaping the future of software and technology – a journey Insight takes great pride in being a part of. We're looking forward to opening this new chapter with Alteryx as they advance into the next phase of their growth journey, focusing on cloud and AI/ML to create winning products."

**Transaction Details**

The transaction, which was approved and recommended by an independent Special Committee of Alteryx's Board of Directors and then approved by Alteryx's Board of Directors, is expected to close in the first half of 2024, subject to customary closing conditions and approvals, including approval by Alteryx stockholders and the receipt of required regulatory approvals. Mr. Stoecker holds approximately 49% of Alteryx's voting power and has entered into a customary voting agreement to support the transaction. The transaction is not subject to a financing condition or a "majority of the minority" stockholder vote.

**B. The Materially Incomplete and Misleading Proxy**

26. On January 30, 2024, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary

6

for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

> ***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

27. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Qatalyst Partners's fairness opinion, Qatalyst Partners reviewed "the company management plan and illustrative extrapolations prepared by Alteryx management." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Alteryx's management provided to the Board and Qatalyst Partners.

28. Notably, the Proxy fails to disclose the line items underlying the calculation of Non-GAAP Operating Income and Unlevered Free Cash Flow. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

> ***Materially Incomplete and Misleading Disclosures Concerning Qatalyst Partners's Financial Analyses***

29. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose the implied net present value of the estimated future unlevered free cash flows, as well as the inputs underlying Alteryx's weighted average cost of capital. The Proxy also fails to disclose the calculated terminal value and the implied net present value of that terminal value. In addition, the Proxy fails to disclose Alteryx's net debt as of September 30, 2023, as well as the number of fully diluted shares of Alteryx common stock as of December 15, 2023.

30. With respect to the *Selected Companies Analysis,* the Proxy fails to disclose the analyst projections for Alteryx as utilized for the analysis, as well as the number of fully diluted

shares of Alteryx common stock as of December 15, 2023.

31. With respect to the *Selected Precedent Transactions Analysis*, the Proxy fails to disclose the value of each selected transaction. The Proxy also fails to disclose the analyst projections for Alteryx as utilized for the analysis, as well as the number of fully diluted shares of Alteryx common stock outstanding as of December 15, 2023.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

32. The Proxy also fails to disclose material information concerning the sales process. For example, the Proxy fails to disclose preliminary financial analyses provided by Qatalyst Partners throughout the sales process, including the preliminary financial analysis of the Sponsor A proposal submitted on August 12, 2023, provided to the Special Committee on August 14, 2023 and to the Board on August 23, 2023. The Proxy also fails to disclose the preliminary valuation of Alteryx provided to the Board on August 23, 2023. In addition, the Proxy fails to disclose the preliminary financial analysis of Sponsor L's proposal as provided to the Special Committee on November 28, 2023. The Proxy further fails to disclose the financial analysis provided to the Special Committee and to the Board on December 17, 2023.

33. The Proxy also fails to disclose projections that were provided to the Special Committee, including the draft long-term operating and financial plan discussed on May 17, 2023, as well as the additional sensitivity analyses requested by the Special Committee at that meeting. The Proxy further fails to disclose the draft long-term operating and financial plan discussed with the Board on May 25, 2023. In addition, the Proxy fails to disclose the updated draft long-term operating and financial plan discussed with the Board on July 6, 2023. Similarly, the Proxy fails to disclose the illustrative extrapolation of the long-term plan for 2027 through 2033, as discussed with the Special Committee on August 2, 2023, as well as the updated illustrative extrapolation of

the long-term plan for 2027 through 2033 as discussed with the Special Committee on August 3, 2023.

34. Furthermore, the Proxy fails to disclose the factors that underlie the payment to Qatalyst Partners, specifically whether any factors would increase or decrease the $50 million estimated fee and, if so, how the fee would be impacted by such factors.

35. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

36. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the Proxy indicates that on December 18, 20023, Qatalyst Partners reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Alteryx

stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Qatalyst Partners's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

39. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Defendants have filed the Proxy with the SEC with the intention of soliciting Alteryx stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

42. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Alteryx, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with

respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Alteryx shares and the financial analyses performed by Qatalyst Partners in support of its fairness opinion; and (iii) the sales process.

45.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Qatalyst Partners reviewed and discussed its financial analyses with the Board on December 18, 2023, and further states that the Board considered Qatalyst Partners's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

46.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Alteryx within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Alteryx and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing a Definitive Proxy with the SEC or otherwise disseminating a Definitive Proxy to Alteryx stockholders unless and until Defendants agree to include the material information identified above in the Definitive Proxy;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 8, 2024             **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*